Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,

v.

WILLIAMS OIL CO., a Corporation, and J.T. Williams, an individual, Defendants-Appellants.

No. 81–2074.

United States Court of Appeals, Tenth Circuit.

Sept. 7, 1983.

**504**

Russell Uselton (James D. Wadley, McAlester, Okl., with him on brief), of Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, McAlester, Okl., for defendants-appellants.

Lauriston H. Long, Washington, D.C. (James E. White, Regional Sol., Dallas, Tex., T. Timothy Ryan, Jr., Sol. of Labor, Beate Bloch, Associate Sol., and Peter B. Dolan, Atty., U.S. Dept. of Labor, Washington, D.C., with him on the brief), for plaintiff-appellee.

Before McWILLIAMS and BARRETT, Circuit Judges, and BRATTON,* District Judge.

McWILLIAMS, Circuit Judge.

Under the provisions of the Fair Labor Standards Act, the Secretary of Labor brought the present action against Williams Oil Company, an Oklahoma corporation, and its president, J.T. Williams, to enjoin Williams Oil from violating the Act's record-keeping, minimum wage, and overtime pay requirements, and from withholding back pay due persons who were allegedly employed at nine gasoline stations owned by Williams Oil. After a two-day trial, the district court held that the persons involved were "employees" of Williams Oil within the meaning of the Act, and that, as concerns such employees, Williams had failed to pay them the minimum wage and overtime compensation required by the Act. The district court further found that Williams' violations of the Act were "willful" within the meaning of the Act, and accordingly invoked the three-year statute of limitations, as opposed to the two-year statute. 29 U.S.C. § 255(a). Concerning the amount of back pay, the district court entered judgment against Williams Oil in the sum of $143,359.53, plus interest, and permanently enjoined Williams Oil from further violations of the Act. Williams Oil and Williams appeal. We affirm.

The first ground raised on appeal for reversal is that the district court erred in finding that the thirty-four persons who were allegedly underpaid were "employees" of Williams. In this connection, Williams Oil necessarily argues that the district court's finding is "clearly erroneous" under Fed.R.Civ.P. 52(a), and that the record before the district court *compelled* a finding that the thirty-four were all independent contractors, and were, therefore, not employees within the meaning of the Act. Such is not our view of the record.

Williams Oil Company, an Oklahoma corporation with its principal place of business in Talihina, Oklahoma, is engaged in the wholesale distribution of gasoline. It sells gasoline at retail through thirteen service stations which it owns in Eastern Oklahoma. This proceeding concerns thirty-four attendants who worked at nine of these service stations between 1975 and 1980. Some of the thirteen stations were operated by persons whose relationship with Williams Oil was in fact that of an independent contractor, i.e., they did pay rent to Williams for the leased premises, and bought gasoline at wholesale from Williams and then resold it on their own at retail with an expectation of personal profit. Such persons are not involved in the present proceeding. Rather, as indicated, this proceeding, instituted by the Secretary, concerns the thirty-four persons who did not pay rent on the premises which, in form only, they were leasing and did not purchase gasoline from Williams for purposes of resale at a profit and had little income other than the salary or commission paid them by Williams.

The statutory definition in the Act of the term "employee" appears at 29 U.S.C. § 203, and means "any individual employed by an employer." We have held that under the Act the definition of the term "to em-

* Honorable Howard C. Bratton, Chief Judge, United States District Court for the District of New Mexico, sitting by designation.

ploy" is broad and comprehensive and includes "to suffer or permit to work." *Shultz v. Mistletoe,* 434 F.2d 1267, 1270 (10th Cir.1970). Further, the existence of an employment relationship "depends upon the overall situation rather than isolated circumstances." *Id.* at 1271. The Supreme Court, in *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 727, 67 S.Ct. 1473, 1475, 91 L.Ed. 1772 (1947) stated that the Act's applicability should be determined by the "underlying economic realities" of the total situation, and, by way of example, should not be determined by the traditional rules concerning independent contractors.

■ Nineteen of the thirty-four persons here involved testified concerning their economic relationship with Williams Oil. Although all had executed "form leases" for the stations at which they worked, none in fact paid any rent for the station. As indicated, the thirty-four here involved did not buy gasoline for resale, and the petroleum products sold at the stations were consigned by Williams to the operators with no capital outlay by the operators. The operators, or attendants, were paid a wage, sometimes referred to as a "subsidy," of between $250 and $300 per month, or a commission of three cents per gallon of gasoline sold. The duties of the thirty-four were to pump gas, wash windshields, sell oil by the quart, collect payments from customers, and remit the sales proceeds to Williams Oil. Also, Williams Oil determined the retail price of the gasoline and other items sold at the station. Without further detailing the evidence adduced at trial, it is sufficient to simply note that in our view, under the *rationale* of the authorities above cited, there is ample evidence to support the finding of the district court that the thirty-four service station attendants here involved were "employees" of Williams Oil within the meaning of the Act. In support of our conclusion, see *Marshall v. Truman Arnold Distributing Co., Inc.,* 640 F.2d 906 (8th Cir.1981), which is a gasoline service station case quite similar to the instant one.

Assuming the Act applied to the thirty-four attendants here involved, i.e., they were properly found to be "employees," it is agreed there were violations of the minimum wage and overtime pay requirements of the Act. As above stated, the district court found that such violations were "willful" within the meaning of the Act, and that the three-year statute of limitations applied, rather than the two-year statute. On appeal, Williams Oil challenges the district court's finding of "willfulness."

■ "Willfulness," under the Act, does not mean that the employer must "know" that his employment practices violate the requirements of the Act. It is sufficient if the employer was aware that the Act was "in the picture," so that he is aware of the Act's possible application to his employees. *Mistretta v. Sandia Corp.,* 639 F.2d 588 (10th Cir.1980). Williams Oil was subject to an earlier investigation into FSLA violations, and at that time it was fully apprised of the Act's possible application to certain of its station operators. Knowing then of the risk involved, Williams Oil nonetheless went right ahead and paid wages, or subsidies, which were admittedly in violation of the Act. Suffice it to say, the district court's finding of "willful violations" is supported by the record.

Finally, Williams Oil challenges the amount of the back-pay award. As indicated, nineteen of the thirty-four station attendants who will conceivably benefit from the district court's judgment appeared and testified in the proceeding before the district court. Based on such representative employee testimony concerning hours worked, and based also on Williams' weekly gallonage sales reports which tended to confirm such testimony, the district court determined the amount of the back-pay award for all thirty-four attendants. In this connection, Williams Oil kept no records, and hence it is in a poor position to now claim that the Secretary failed to prove the amount of the back-pay award with absolute certainty. In *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), the Supreme Court held that in the absence of proper company records, an employee, under the Act, has met

his burden if "he produces sufficient evidence to show the amount and extent of [his] work *as a matter of just and reasonable inference.*" (emphasis added) *Id.* at 687, 66 S.Ct. at 1192.

█ We reject the suggestion of appellants that the back-pay award is bald speculation. Rather the back-pay award is, in our view, adequately supported by the record. The testimony of the nineteen who did appear to testify, coupled with the documentary evidence, including the defendants' own weekly gallonage sales reports, is sufficient to establish the hours worked by those attendants who for one reason or another could not appear and testify. *Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468 (11th Cir.1982).

Judgment affirmed.