**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**GREEN COUNTY, WISCONSIN, Defendant.**

**No. 84–C–490–D.**

United States District Court, W.D. Wisconsin.

May 21, 1985.

---

Frances H. Assa, Senior Trial Atty., E.E.O.C., Milwaukee, Wis., for plaintiff.

Melli, Walker, Pease & Ruhly by Jack D. Walker, Madison, Wis., for defendant.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for back wages and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Jurisdiction is present under 28 U.S.C. §§ 1337, 1343, and 1345. Plaintiffs and defendant have filed competing motions for summary judgment pursuant to Fed.R. Civ.P. 56. The motions will be reviewed together.

I find there is no genuine issue as to the facts set forth below under the heading "Facts."

### Facts

Plaintiff is an agency of the United States of America and is responsible for the administration, interpretation, and enforcement of the equal pay requirement of the Fair Labor Standards Act.

Defendant is a political subdivision of the State of Wisconsin and is engaged in the maintenance and operation of a jail in Monroe, Wisconsin.

Prior to January 1, 1982, defendant employed persons in the classifications of clerical/dispatcher/jailer and dispatcher/jailer. On January 1, 1982, defendant merged these classifications into that of clerical/jailer.

Employees working under the old classification of clerical/dispatcher/jailer tended to be female while employees working under the old classification of dispatcher/jailer tended to be male.

Employees working under the old classifications of clerical/dispatcher/jailer and dispatcher/jailer were, and employees working under the present classification of clerical/jailer are, represented by the Green County Deputy Sheriffs' Association for the purpose of collective bargaining regarding wages, hours, and other conditions of employment.

Under the collective bargaining agreement between defendant and the Green County Deputy Sheriffs' Association, wage rates for the period of January 1, 1980 through December 31, 1981, were greater for dispatcher/jailers than for clerical/dispatcher/jailers.

Female and male employees under the new classification of clerical/jailers performed substantially equal work.

Between January 1, 1982 and June 4, 1984, female clerical/jailers were paid a lower wage rate than their male counterparts.

On August 14, 1981, a representative of the Sheriffs' Association notified defendant that it wished to commence negotiations on a new contract. Although negotiations commenced, the parties could not agree on a wage rate for the new classification.

On February 2, 1982, defendant unilaterally implemented a certain health insurance proposal it had made.

On January 11, 1984, the Wisconsin Employment Relations Commission found that an impasse existed within the meaning of Wis.Stat. § 111.77, and ordered arbitration.

On June 4, 1984, defendant unilaterally raised the pay of plaintiffs to that of their male counterparts.

On November 21, 1984, the Wisconsin Employment Relations Commission issued its decision and concluded that defendant had violated Wis. Stat. § 111.70(3)(a)(1) & (4), by implementing the change in health insurance.

### Opinion

■ The complaint alleges two violations of the Fair Labor Standards Act: (1) that defendant violated the equal pay provision (the Equal Pay Act, 29 U.S.C. § 206(d)) of the FLSA by paying female clerical/jailers

at a lower rate of pay than that given to male clerical/jailers; and (2) that defendant failed to post a notice to employees of the Fair Labor Standards Act as required by statute. Plaintiff has moved for summary judgment on the first allegation.[1] Defendant has filed a cross motion for summary judgment on the first allegation, and also has moved for summary judgment that the applicable statute of limitations is two years.

### 1. *Pay disparity.*

A claimant under the Equal Pay Act "must show that her salary was lower than that paid by the employer to 'employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 448 (D.C.Cir.1976), *quoting* 29 U.S.C. § 206(d)(1)(1970). The facts which are beyond genuine issue show that females working under the job classification of clerical/jailer were paid less than their male counterparts between January 1, 1982 and June 4, 1984. In addition defendant admitted, for the purposes of considering this motion, that female and male employees working under the job classification of clerical/jailer performed "substantially equal work." Nothing in defendant's proposed findings of fact detracts from this admission.

■ Once a plaintiff has established a disparity of wages between female employees and their male counterparts performing equal work, the burden of justifying the disparity falls on the employer. To meet its burden, the employer must show the pay disparity is attributable to one of four justifiable reasons set forth in the Equal Pay Act: "(i) a seniority system; (ii) a merit system; (iii) a system which mea-

sures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." 29 U.S.C. § 206(d)(1). In an effort to satisfy this burden, defendant cites the fourth exception, offering three purportedly non-sexual bases for the disparity.

■ First, defendant claims it "did not violate the Equal Pay Act because the differences in wages of female and male clerical/jailers pending collective bargaining were caused by a factor other than sex." I take this claim to mean defendant considers the collective bargaining agreement to have been a restraint on its freedom to raise female employees' wages to the level of their male counterparts, in an effort to satisfy the Equal Pay Act. This is not the law. "[A] collective bargaining agreement perpetuating prior pay discrimination affords the employer no defense to a charge under the Equal Pay Act." *Laffey v. Northwest Airlines*, 567 F.2d at 447, *citing Corning Glass Works v. Brennan*, 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974).

■ Second, defendant advances the related argument that "avoiding a claim of violation of state law is a factor other than sex." I believe defendant is asserting that the unilateral increase of female clerical/jailers' wages to match those of their male counterparts would have given rise to a claim of violation of state labor law. (I note that defendant eventually did raise unilaterally female clerical/jailers' wages. Also, despite the risk of giving rise to a claim of violation of state labor law, Wis. Stat. § 111.70(3)(a)(1) & (4), defendant unilaterally implemented a change in health insurance.) Where state law and federal labor law collide—and here the collision would be clear and direct—under the constitutional doctrine of preemption state law must yield to the federal. *See Allis-Chal-*

---

**1.** In its motion for partial summary judgment, plaintiff seeks a favorable judgment "on the issues of liability and liquidated damages for violations of the Equal Pay Act of 1963." The reporting requirements are not part of the Equal Pay Act of 1963, 29 U.S.C. § 206(d), but are found in another part of the FLSA, specifi-

cally 29 U.S.C. § 211(c). Although plaintiff's proposed conclusions of law include the proposition that defendant unlawfully failed to post a notice, and both parties addressed the question in their briefs, the notice issue is outside the scope of plaintiff's motion, and thus is not properly before me.

*mers v. Lueck,* — U.S. ——, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

 Third, defendant claims "the lack of an established wage rate for the classification of clerical/jailer is a factor other than sex."[1] The Equal Pay Act does not refer to established wage rates for job classifications; rather, the Act refers to the wage rate that is paid to employees in the same establishment. 29 U.S.C. § 206(d)(1). Inasmuch as female clerical/jailers were paid a wage rate that was less than the wage rate paid to their male counterparts, I find defendant's claim to be meritless.

Plaintiff has met its burden of showing that based on the material facts beyond genuine issue defendant is liable under the Equal Pay Act. It follows that defendant's motion for summary judgment on the same issue must fail.

### 2. *Applicable limitations period.*

 Defendant seeks a summary declaratory judgment that this action is barred by a two-year statute of limitations, while plaintiff claims the appropriate statute of limitations is three years. Section 255(a) of the Fair Labor Standards Act states that if the violation of the Act is willful, a three year statute of limitations applies. 29 U.S.C. § 255(a). "A violation may be willful even if an employer does not have the specific knowledge that his actions violate the Act." *Donovan v. Simmons Petroleum Corp.,* 725 F.2d 83, 85 (10th Cir.1983), *citing Donovan v. Williams Oil Co.,* 717 F.2d 503 (10th Cir.1983). It is enough that an employer knew that the Act was "in the picture." *Coleman v. Jiffy June Farms, Inc.,* 458 F.2d 1139, 1142 (5th Cir.1972). In its proposed findings of fact, defendant admits it was aware that the Equal Pay Act was "in the picture." The three year statute of limitations applies. Although it was defendant who moved for summary judgment on this

issue, summary judgment in favor of the non-moving party is appropriate when there is no dispute as to the critical fact. 6 J. Moore, Moore's Federal Practice ¶ 56.12 (2d ed. 1976).

### ORDER

Plaintiff's motion for partial summary judgment on the issue of defendant's liability under the Equal Pay Act is granted.

Defendant's motion for summary judgment is denied in all respects, and it is adjudged that a three year limitations period applies to this action, under 29 U.S.C. § 255(a).

---

**1.** Defendant also claims that because no wage rate was established for complainants' particular classification, the Equal Pay Act is not applicable. I find no merit to this claim. Obviously, complainants were being paid. The fact that no wage rate had yet been established for clerical/jailers under a collective bargaining agreement is irrelevant for Equal Pay Act coverage.