43 F.3d 949
 129 Lab.Cas. P 33,190, 2 Wage & Hour Cas.2d
(BNA) 844
 Robert B. REICH, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellee,
v.
SOUTHERN MARYLAND HOSPITAL, INCORPORATED, t/a Southern
Maryland Hospital Center; Francis P. Chiaramonte,
M.D., individually and as a corporate
officer, Defendants-Appellants,
and
Sebastian Suriani, Defendant.
 No. 93-2344.
 United States Court of Appeals,
Fourth Circuit.
 Argued Sept. 28, 1994.
Decided Jan. 13, 1995.
 
 ARGUED: Warren Malcolm Davison, Littler, Mendelson, Fastiff & Tichy, Baltimore, MD, for appellants. Joan Brenner, U.S. Dept. of Labor, Washington, DC, for appellee. ON BRIEF: John W. Kyle, Littler, Mendelson, Fastiff & Tichy, Baltimore, MD, for appellants. Thomas S. Williamson, Jr., Solicitor of Labor, Monica Gallagher, Associate Solicitor, William J. Stone, Counsel for Appellate Litigation, U.S. Dept. of Labor, Washington, DC, for appellee.
 Before ERVIN, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.
 Affirmed in part, reversed in part, and remanded by published opinion. Chief Judge ERVIN wrote the opinion, in which Judge WIDENER and Judge WILKINSON joined.
 OPINION
 ERVIN, Chief Judge:
 
 
 1
 This is an appeal from a judgment rendered in the District Court of Maryland under the Fair Labor Standards Act, 29 U.S.C. Secs. 201 et seq. ("FLSA"). The Secretary of Labor (the "Secretary") brought this suit on behalf of more than 3,000 present and past employees of Southern Maryland Hospital, Inc. (the "Hospital"), alleging willful violations of the overtime pay and record-keeping requirements of FLSA by the defendants, Southern Maryland Hospital and Dr. Francis P. Chiaramonte, its president and chief executive officer. The district court granted liquidated damages and injunctive relief to the Secretary for the time period from December 1984 through November 1989. The central issue on appeal is the district court's finding of employer liability based on the representational testimony from only 1.6% of the employee population. For the reasons stated below, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 
 I.
 
 2
 Southern Maryland is a 338-bed, for-profit medical complex. Dr. Chiaramonte, the Hospital's founder, owns 51% of the Hospital's stock and is actively involved in the Hospital's daily operations. The Hospital has four administrative divisions (financial services, nursing, professional services, and support services), which are headed by four administrative officers. There are 52 separate departments within these divisions. Additionally, four related entities provide services to the Hospital, and are listed as departments in the Hospital's records. Employees of these entities are on the Hospital payroll, use the same time clock as Hospital employees, and are subject to the same supervision as Hospital employees.
 
 
 3
 Upon consent by both parties, a Special Master heard the case in conjunction with the district court. Based on testimony presented by the Secretary from 54 of the Hospital's 3368 employees, Judge Blake found: (1) that the hospital and Dr. Chiaramonte, as employers, were liable under FLSA; (2) that the employees of the hospital-affiliated institutions were employees of Southern Maryland and Dr. Chiaramonte under FLSA; (3) that the "salaried" employees were not exempt from FLSA's overtime provisions; and (4) that the employees were entitled to compensation for pre-shift and post-shift work and two missed lunches per week. Additionally, Judge Blake found that the violations were willful, and that liquidated damages and prospective injunctive relief were appropriate.
 
 
 4
 The District Court adopted most of the Special Master's findings, modifying the findings only with respect to some departments where the evidence failed to support a finding of missed lunches.
 
 II.
 
 5
 The district court's findings of fact are reviewed under a "clearly erroneous" standard. Martin v. Deiriggi, 985 F.2d 129, 132 (4th Cir.1992). Issues of law are reviewed de novo. In re Bryson Properties, XVIII, 961 F.2d 496, 500 (4th Cir.1992), cert. denied, Bryson Properties, XVIII v. Travelers Ins. Co., --- U.S. ----, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992).
 
 
 6
 The evidence in this case clearly supports the district court's finding that the defendants Dr. Chiaramonte and Southern Maryland Hospital, as employers, willfully violated the overtime and recordkeeping requirements under FLSA. In fact, during oral argument, defendants conceded that some back pay was due. They dispute, however, the amount of $4.2 million. We agree with defendants that the evidence does not support the district court's award of liquidated damages and back pay of $4.2 million based on the testimony from only 54 of 3368 employees, representing 1.6% of the total employee population. The 1.6% sample constitutes the lowest percentage by far in any reported case using representative testimony under the proof scheme of Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946).
 
 
 7
 Under Mt. Clemens, the Secretary can present testimony from representative employees as part of his proof of the prima facie case. Donovan v. Bel-Loc Diner Inc., 780 F.2d 1113, 1116 (4th Cir.1985). The court can award back wages under FLSA to non-testifying employees based on the "fairly representational" testimony of other employees. Id. Although the Secretary's initial burden under Mt. Clemens is minimal, it is not non-existent. Secretary of Labor v. DeSisto, 929 F.2d 789, 793 (1st Cir.1991).
 
 
 8
 In DeSisto, the Secretary presented testimony from only one employee and sought to have that testimony represent 244 other employees holding a variety of positions at different locations. 929 F.2d at 793. The First Circuit held that the Secretary had not met his initial burden of proof, and that the evidence was "simply inadequate to give rise to a 'just and reasonable inference' as to the amount and extent of undercompensated work." Id. at 794 (citing Mt. Clemens, 328 U.S. at 687, 66 S.Ct. at 1192). The court emphasized that in most cases where a small number of employees had been allowed to represent the interests of a larger number, the representative employee performed substantially similar, if not identical, work to the non-testifying employees. Id. at 793 (citing McLaughlin v. Ho Fat Seto, 850 F.2d 586 (9th Cir.1988) (garment factory workers), cert. denied, 488 U.S. 1040, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989); McLaughlin v. DialAmerica Marketing, Inc., 716 F.Supp. 812 (D.N.J.1989) (home telephone number researchers), aff'd, 935 F.2d 1281 (3rd Cir.1991), cert. denied, 501 U.S. 981, 112 S.Ct. 583, 116 L.Ed.2d 608 (1991)). See also Dole v. Snell, 875 F.2d 802 (10th Cir.1989) (cake decorators), and Donovan v. Burger King Corp., 672 F.2d 221 (1st Cir.1982) (assistant managers).
 
 
 9
 Additionally, the court in DeSisto noted that several cases included stipulations between the parties that the testifying employee was representative. 929 F.2d at 794 (citing Dole, 875 F.2d at 811). See also Burger King, 672 F.2d at 224 (stipulation that employee was representative and that additional testimony would be cumulative). Furthermore, the court suggested that where several job categories exist, a minimum of one representative from each category with first-hand knowledge is essential. DeSisto, 929 F.2d at 793. Though sympathetic to the district court's concern about conservation of judicial resources and overcrowded dockets, the First Circuit nonetheless found that the district court abused its discretion by limiting the number of witnesses, and preventing "both parties from presenting sufficient evidence on which to base a reliable judgment." DeSisto, 929 F.2d at 796.
 
 
 10
 Similarly, in this case we find that the district court abused its discretion by limiting testimony to only 1.6% of the employees for whom the Secretary sought back wages. There are no reported cases where such a small ratio of representative (testifying) employees has been used to justify an award to non-testifying employees. In Bel-Loc Diner, this court upheld an award to 98 employees based on the testimony of 22 waitress-employees. 780 F.2d at 1113. In Donovan v. Williams Oil Co., 717 F.2d 503 (10th Cir.1983), the testimony of 19 station attendants supported an award to 34 employees at nine separate service stations. In Brennan v. General Motors Acceptance Corp., 482 F.2d 825, 829 (5th Cir.1973), 16 employees testified on behalf of 37 employees. In Marshall v. Brunner, 500 F.Supp. 116 (W.D. Pa.1980), aff'd in part and rev'd on other grounds, 668 F.2d 748 (3rd Cir.1982), the testimony of 48 employees supported an award to 93 employees. In Burger King Corp., 672 F.2d at 221, the testimony of 6 employees from 6 restaurants, accompanied by stipulations that 20 employees would testify similarly, supported an award of back wages for 246 employees at 44 restaurants. In Donovan v. New Floridian Hotel, Inc., 676 F.2d 468 (11th Cir.1982), the testimony of 23 employees supported an award to 207 employees. Finally, in DialAmerica Mktg., Inc., 716 F.Supp. at 812, testimony from 43 researchers was used to award back wages to 393 employees.
 
 
 11
 Virtually all of the cases using representative testimony involve a fairly small employee population, a limited number of employee positions, and uniform work tasks. In contrast, this case involves the largest number of employees of any reported case, and a variety of departments, positions, time periods, shifts, and staffing needs. The "fairly representational" requirement of Bel-Loc Diner was simply not met in this case. 780 F.2d at 1116. There were several departments for which no employee testimony was produced by the Secretary on missed lunches, including Nursery, Laboratory (Hematology), Laboratory (Microbiology), Blood Bank, Occupational Therapy, and Community Relations. There were also departments for whom employees were awarded back wages who specifically testified that they had never missed lunch, including the Emergency Room and Medical Surgery Unit 3-East.
 
 
 12
 The scope and complexity of this case demands careful scrutiny and a more precise determination of back wages than was conducted by either the district court or the special master. In Reich v. Gateway Press, Inc., 13 F.3d 685 (3rd Cir.1994), the court remanded the case to the district court for a determination of back wages for non-testifying employees, specifically directing the district court to "carefully scrutinize the evidence before denying or allowing back pay to the non-testifying reporters." Id. at 702 (citing New Floridian Hotel, 676 F.2d at 471-73, in which the court awarded back wages to 151 employees and denied back wages to 56 employees). Gateway involved a printing and publishing company which published nineteen weekly papers, organized into five regional groups. 13 F.3d at 688. One of the issues presented to the court was the amount of back wages owed to reporters. The court found that the "Secretary produced evidence of patterns of conduct at the different geographical groups in only an oblique way." Id. at 701. Though 22 out of 70 employees testified, producing identical testimony about the pattern and practice of hours worked, with one employee from each geographical group, the court was concerned with whether the representative employees accurately reflected the experiences of the reporters. Id.
 
 
 13
 The court remanded the case to the district judge, with specific suggestions for determining back wages from the existing record and supplemental testimony. Id. at 702. On remand, the court advised the lower court to consider patterns of conduct, the hours worked, and the hours paid at each geographical group from representative reporters, as well as editors and other supervisors. Id. at 702. Likewise, in DeSisto the court vacated the district court's finding of liability for 244 employees based on the testimony of 1 employee and remanded the case for a new trial. 929 F.2d at 796.
 
 
 14
 In accordance with DeSisto and Gateway, we remand this case for a new trial with testimony from a larger representative employee population, reflecting the complexity of this case, and the different positions, departments, shifts, pay periods, and time periods involved. While sympathetic to the concerns of the district court in managing its docket and the substantial time already devoted to this case, the magnitude and complexity of this case demands diligence and attention to detail. Thus, we find that the district court abused its discretion in limiting the number of witnesses and finding liability based on 1.6% of the employee population.
 
 
 15
 Therefore, we affirm the district court's finding that Dr. Chiaramonte and Southern Maryland Hospital, as employers, willfully violated FLSA by allowing employees to perform uncompensated overtime work. Though the Secretary is entitled to liquidated damages and back wages on behalf of uncompensated employees, we vacate the award and remand to the district court for a precise determination of the amount of damages.
 
 
 16
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.