Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,

v.

SIMMONS PETROLEUM CORPORATION, Defendant-Appellant.

No. 82–1425.

United States Court of Appeals, Tenth Circuit.

Nov. 15, 1983.

Robert W. Harris of Harris & Hills and James W. Dahl of Kansas City, Kan., for defendant-appellant.

T. Timothy Ryan, Jr., Sol. of Labor, Beate Bloch, Associate Sol., Ruth E. Peters, Counsel, Washington, D.C., for Appellate Litigation; Ellen C. Segal, Atty., Dept. of Labor, Washington, D.C., and Tedrick A. Housh, Regional Sol., Kansas City, Mo., for plaintiff-appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

The Secretary of Labor brought this action against Simmons Petroleum Corporation (Employer), alleging violation of minimum wage, overtime and recordkeeping provisions of the Fair Labor Standards Act of 1938 (the Act). 29 U.S.C. §§ 201–219 (1976 & Supp. V 1981), specifically, 29 U.S.C. §§ 206, 207, and 211(c). The Employer owned and operated six gasoline service stations in Kansas and Missouri. The trial court found that from November 1, 1975, until November 1979, the Employer deducted cash register shortages and the amount of uncollectible checks accepted by its employees from the paychecks of employees who were on duty when the shortages occurred. These deductions resulted in the employees being compensated below the minimum wage set by section 206 of the Act. Further, the Employer did not pay employees one and one-half times their regular pay rates for work in excess of forty hours per week. The Employer did not compensate employees for time worked before or after scheduled shift hours to operate the stations and complete bookwork. Although the Employer kept payroll records, the records reflected neither the cash register shortage deductions nor the uncompensated hours.

The trial court found that these actions violated the minimum wage, overtime and recordkeeping provisions of the Act, and ordered the Employer to compensate former employees for shortages. The amount

of compensation was based on the court's revision of formulae developed by the plaintiff's compliance officer who investigated the violations.

On appeal, the Employer challenges the trial court's (1) finding of willfulness and the corresponding extension of the statute of limitations from two to three years and (2) use of the formulae.

Title 29 U.S.C. § 255(a) provides for extending the statute of limitations for prosecution of minimum wage and uncompensated overtime violations from two to three years if the violations were willful.[1] Accordingly, upon finding that the Employer's violations were willful, the trial court extended the statute of limitations. In 1976, the Employer was investigated for deducting cash register shortages from employee paychecks and paid $800 in settlement. The Employer argues that its actions prior to the 1976 investigation could not have been willful because it was not informed of violations until that investigation took place. Further, the Employer claims, the 1976 investigation was concerned only with minimum wage violations, not with uncompensated time violations and therefore even after 1976, its actions could not have been willful with respect to the uncompensated time charge because that infraction was unknown.

■ A violation may be willful even if an employer does not have specific knowledge that his actions violate the Act. *Donovan v. Williams Oil Co.,* 717 F.2d 503 at 505 (10th Cir.1983). Instead, "[a] violation is willful when the employer was, or should have been, cognizant of an appreciable possibility that the employees involved were covered by the statutory provisions." *E.E. O.C. v. Central Kansas Medical Center,* 705 F.2d 1270, 1274 (10th Cir.1983). It is enough that an employer knew that the Act

was "in the picture." *Mistretta v. Sandia Corp.,* 639 F.2d 588, 595 (10th Cir.1980) (citing *Coleman v. Jiffy June Farms,* 458 F.2d 1139, 1142 (5th Cir.1972)). Applying this standard in light of the size and complexity of the Employer's operation, as well as the Employer's bookkeeping practices, the trial court did not err in finding that the Employer was at least generally aware of the law's requirements and therefore the violations were willful.

The Employer challenges the use of the formulae on the grounds that the testimony offered by the plaintiff was not representative of all the stations involved and was not definite enough to accurately determine the cash register shortages and uncompensated time.

■ The employee bears the burden of proving he performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946). However, employers have a duty to keep accurate records. If employers do not keep accurate records the employee's burden is extremely difficult. In order to prevent the employee from being penalized by the employer's failure to keep adequate records, the Supreme Court held in *Anderson* that an employee carries his burden by proving that he has "in fact performed work for which he was improperly compensated and . . . [producing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* Upon such a showing, the burden shifts to the employer to produce evidence of the precise amount of work performed or to negate the reasonableness of the inference drawn from the employee's evidence. If the employer does not rebut the employee's evidence, then damages may be awarded even though the result is only approximate. The employer

1. Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, . . .

(a) if the cause of action accrues on or after May 14, 1947—may be commenced

within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. 29 U.S.C. § 255 (1976).

cannot complain that the damages lack the precision that would have been possible if the employer had kept the records required by law. *Id.* at 687–88, 66 S.Ct. at 1192.

■ The plaintiff in the instant case produced testimony of twelve former employees. This testimony was supported by that of the compliance officer,[2] as well as documentary evidence. While not every employee testified, at least one employee from every station testified or was deposed. Not all injured employees need testify in order to establish a prima facie case as a matter of "just and reasonable inference." *Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 472 (11th Cir.1982); *Brennan v. General Motors Acceptance Corp.,* 482 F.2d 825, 829 (5th Cir.1973). The plaintiff's evidence was sufficient to establish a pattern of violations, thereby causing the burden to shift to the Employer.[3]

The Employer did not produce evidence to rebut the inference. Thus, the court was justified in formulating a reasonable approximation of damages.[4] *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. at 687–88, 66 S.Ct. at 1192; *Hodgson v. Humphries,* 454 F.2d 1279, 1283 (10th Cir.1972); *cf. Love v. Pullman Co.,* 569 F.2d 1074, 1077 (10th Cir. 1978) (formula used to determine back wages in Title VII action). The court evaluated and reworked the compliance officer's formulae in light of the evidence. Unable to rebut the plaintiff's evidence, the Employer is not in a position to complain that the award is imprecise. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. at 688, 66 S.Ct. at 1192. *See also, Donovan v. Williams Oil Co.,* 717 F.2d at 505–06 (10th Cir.1983).[5]

■ Finally, the Employer contends that the trial court incorrectly computed damages owed for the uncompensated overtime violations. According to the Employer, in assessing damages for uncompensated overtime for managers, the court should have considered only the amount that brought the Employer under the statutory minimum wage. In other words, the Employer is claiming that it is entitled to a credit against unpaid overtime for hourly wages paid in excess of the minimum wage. The statutory scheme does not provide for such a credit. Section 207(a)(1) requires that time worked in excess of forty hours per week be compensated at one and one-half times the employee's regular rate of pay.

AFFIRMED.

2. The Employer contends that it is entitled to rely on the compliance officer's statements that there were no violations at the El Dorado station. The compliance officer merely testified she discovered uncompensated time for managers at El Dorado, but not for attendants. Record, vol. 10, at 502. However, several former attendants at the station testified that they worked uncompensated hours. *E.g.,* record, vol. 8, at 167, 171, 175; vol. 9, at 218–19, 222, 333.

3. The Employer asserts that the rule that the use of representative testimony can establish a pattern of violations is limited to situations where the employees leave a central location together at the beginning of a work day, work together during the day, and report back to the central location at the end of the day. This rule is not supported by caselaw. For example, in *Donovan v. Burger King Corp.,* 672 F.2d 221 (1st Cir.1982), employees from six locations established a pattern of violation for 44 locations in two states.

4. The Employer argues that a formula damage computation may be used only where corroborated by testimony from each of the injured employees. This argument is not supported by caselaw and would undermine the rule in favor of representative testimony.

5. The Employer contends that it should not have to pay damages for violations during the period covered by the 1976 investigation, since it paid $800 in settlement for that investigation. The compliance officer testified that she excluded from her formulae violations which had already been compensated. Record, vol. 10, at 561–62.

   The Employer also contends that it should not have to pay damages for the period from March 5, 1979, to November 30, 1979, since no specific evidence was produced with respect to that period. However, once the plaintiff established a pattern of violation, the just and reasonable inference arose that those violations continued. The Employer did not rebut this inference.