Rex BAKER, et al., Plaintiffs,

v.

BARNARD CONSTRUCTION CO. INC., et al., Defendants.

Civ. No. 93–140 JB.

United States District Court, D. New Mexico.

Sept. 15, 1993.

See also 860 F.Supp. 766.

J.E. Gallegos and David Sandoval, Gallegos Law Firm, Santa Fe, NM, for plaintiff.

Thomas J. Hynes, Hynes, Hale & Fortner, James L. Brown, Farmington, NM, David Brown, Poole, Kelly & Ramo, David A. Rammelkamp, Todd M. Stafford, Kelly, Rammelkamp, Muehlenwag, Lucero & Leon, Nicholas Noeding, Christopher M. Moody, Hinkle, Cox, Eaton Coffield & Hensley, Albuquerque, NM, John Schmidt & Deirdre O. Dexter, Conner & Winters, Tulsa, OK, David C. Davenport, Jr., Rodey, Dickason, Sloan, Akin & Robb, Santa Fe, NM, Gregory K. Hoskin & John T. Howe, Nelson, Hoskin & Farina, Grand Junction, CO, Dan A. McKinnon III, Marron, McKinnon & Ewing, Albuquerque, NM, Victor A. Titus, Titus & Gurley, Farmington, NM, Michael A. Ross, TIC Holdings, Inc., Steamboat Springs, CO, Richard A. Winterbottom, Stout & Winterbottom, Lisa M. Enfield, George R. McFall, William C. Scott, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, NM, for defendants.

## ORDER

BURCIAGA, Chief Judge.

THIS MATTER is before the Court on Defendant Four–Way Company's March 15, 1993, motion for summary judgment; Defendant Four–Four, Inc.'s March 25, 1993, motion for (partial) summary judgment; Defendant Davy McKee Corporation's March 29, 1993, motion to dismiss; Plaintiffs' April 5, 1993, motion for summary judgment as to Defendant Four–Way Company; Plaintiffs' April 7, 1993, motion for sanctions against Pioneer Contracting Company; Defendant Foutz & Bursum Construction Company's April 15, 1993, motion for summary judgment; Defendant TIC–The Industrial Company's April 15, 1993, motion to dismiss or alternatively, motion for more definitive statement; Plaintiffs' April 26, 1993, motion for summary judgment as to Defendant Four–Four, Inc.; Plaintiffs' May 7, 1993, motion for sanctions against TIC–The Industrial Company; Plaintiffs' May 7, 1993, motion for summary judgment as to Defendant Foutz & Bursum Construction Company; Defendant Four–Four, Inc.'s June 4, 1993, motion to amend its answer; Plaintiffs' June 8, 1993, motion for sanctions against Flint Engineering, Four–Four, Inc., Four–Way Company, Foutz & Bursum Construction Company, Pioneer Contracting, and TIC–The Industrial Company; and, Defendant Mt. West Fabrication Plants & Stations, Inc.'s June 18, 1993, motion for summary judgment. The Court having reviewed the record, the submissions of the parties and having heard the arguments of counsel and being otherwise fully advised in the premises and the Court having made its findings and conclusions in open court;

Wherefore,

**IT IS ORDERED, ADJUDGED AND DECREED** that Defendant Four–Way Company's March 15, 1993, motion for summary judgment, be, and hereby is, denied.

**IT IS FURTHER ORDERED** that Defendant Davy McKee Corporation's March 29, 1993, motion to dismiss be, and hereby is, denied.

**IT IS FURTHER ORDERED** that Plaintiffs' April 5, 1993, cross-motion for summary judgment be, and hereby is, denied.

**IT IS FURTHER ORDERED** that Defendant Foutz & Bursum Construction Company's April 15, 1993, motion for summary judgment be, and hereby is, denied.

**IT IS FURTHER ORDERED** that Defendant TIC–The Industrial Company's April 15, 1993, motion to dismiss, or alternatively, motion for more definitive statement be, and hereby is, denied.

**IT IS FURTHER ORDERED** that Plaintiffs' April 26, 1993, cross-motion for summary judgment as to Defendant Four–Four, Inc. be, and hereby is, denied.

**IT IS FURTHER ORDERED** that Plaintiffs' May 7, 1993, cross-motion for summary judgment as to Defendant Foutz & Bursum

Construction Company, be and hereby is, denied.

**IT IS FURTHER ORDERED** that Defendant Four–Four, Inc.'s June 4, 1993, motion to amend its answer be, and hereby is, granted.

**IT IS FURTHER ORDERED** that Plaintiffs' motions for sanctions against Pioneer Contracting Company, TIC–The Industrial Company, Flint Engineering, Four–Four, Inc., Four–Way Company, and Foutz & Bursum Contracting Company be, and hereby are, deferred until the motions to compel in this matter, currently before Magistrate Judge McCoy, are decided.

Further, the Court took under advisement Four–Four, Inc.'s motion for (partial) summary judgment as to Plaintiffs Leonard Mahan and Gerald Miller[1]; and Defendant Mt. West Fabrication, Plants and Stations, Inc.'s June 18, 1993, motion for summary judgment. The following will constitute the Court's rulings as to those motions.

Defendant Four–Four, Inc. moved for summary judgment as to Count II (overtime compensation) of Plaintiffs Leonard Mahan, Denny Hensley, Gary Coon, and William Clarence's complaint. In their response brief Plaintiffs stated that they believed that Defendant's motion for partial summary judgment also applied to Plaintiff Gerald Miller, who opted-in to the lawsuit under 29 U.S.C. § 216(b) after Defendant moved for partial summary judgment. In their reply brief, Defendant concurred that its motion for partial summary judgment should also be considered as to Gerald Miller. The Court overlooked this in its rulings in open court and will now grant Defendant's motion for summary judgment as to Gerald Miller but will deny Defendant's motion for partial summary judgment as to Leonard Mahan.

A motion for summary judgment may be granted only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–10, 26 L.Ed.2d 142 (1970). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact, *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), and as a matter of law, must show entitlement to summary disposition beyond a reasonable doubt. *Norton v. Liddel,* 620 F.2d 1375, 1381 (10th Cir.1980); *Madison v. Deseret Livestock Co.,* 574 F.2d 1027, 1037 (10th Cir.1978). The Court must view the record in a light most favorable to the existence of triable issues. *Exnicious v. United States,* 563 F.2d 418 (10th Cir.1977).

Plaintiffs' complaint alleges that the wages they received from Defendant are not their true regular rate, and therefore, Defendant violated the overtime provision of the Fair Labor Standards Act (FLSA). Plaintiffs allege Defendant accomplished this by over-compensating Plaintiffs for rental of their welding rigs and correspondingly understating their wages as employees. Defendant claims it paid welders, who did not own welding rigs, the same wage rate as they paid Plaintiffs. Defendant claims this undisputed fact entitles them to summary judgment under Plaintiffs' regular rate claim.

█ 29 U.S.C. § 207(a) requires employers to compensate employees at one-and-a-half times the regular rate for all hours worked over 40 hours in one week. The Supreme Court, in interpreting section 7(a), held that Congress intentionally left undefined the term "regular rate." *Walling v. Helmerich,* 323 U.S. 37, 65 S.Ct. 11, 89 L.Ed. 29 (1944). Therefore, courts should carefully scrutinize "regular rate" designations to make sure employees are getting the full excess compensation called for under the Act. *Bay Ridge Operating Co. v. Aaron,* 334 U.S. 446, 463, 68 S.Ct. 1186, 1196, 92 L.Ed. 1502 (1948). While employers and employees are free to establish the regular rate at any point above the minimum wage as they see fit, "this freedom of contract does not include the right to compute the regular rate in a wholly unrealistic and artificial manner...." *Walling v. Youngerman–Reynolds Hardwood Co.,* 325 U.S. 419, 65 S.Ct. 1242, 89 L.Ed. 1705 (1945).

---

1. The Court, at the end of oral argument, granted Defendant's motion for partial summary judg-

ment as to Plaintiffs William Clarence, Gary Coon and Denny Hensley.

■ Plaintiffs Clarence, Coon, Hensley, and apparently, Miller,[2] were all paid $10.75 an hour in wages. Plaintiffs did not dispute Defendant's claim that welders, without welding rigs, were also paid $10.75 an hour in wages. Instead Plaintiffs claim they were certified as highly skilled welders. Apparently the inference to be drawn is that the welders hired by Defendant, without welding rights, were not certified, or highly skilled, welders. However, Plaintiffs put forth no evidence to raise genuine issues of material fact on this point. Therefore, the only evidence before the Court is that Plaintiffs Clarence, Coon, Hensley and Miller were paid the same rate as welders whose wages were not under the "split-check" scheme. The Court finds there are no genuine issues of material fact that Plaintiffs Clarence, Coon, Hensley and Miller's wages of $10.75 an hour are anything but the "regular rate" under section 7(a) and, therefore, Defendant's motion for partial summary judgment is granted as to Plaintiffs Clarence, Coon, Hensley and Miller.

■ As to Plaintiff Mahan, the Court finds there are material issues of fact that his $8.00 wage was not the "regular rate." Defendant claims Plaintiff Mahan's statement in his affidavit that he was paid only $8.00 an hour in wages is unsubstantiated, and does not raise genuine issues of material fact. Defendant claims exhibit 2 to their response brief to Plaintiffs' cross-motion for summary judgment establishes beyond a reasonable doubt that Plaintiff Mahan was paid $10.75 an hour in wages as an employee. Without ruling on whether Defendant's wage records would entitle Defendant to summary judgment against Mahan, there is no exhibit 2 before the Court.[3] Therefore, the Court denies Defendant's motion for partial summary judgment as to Plaintiff Leonard Mahan.

Defendant Mt. West moved for summary judgment against Plaintiff Hensley on all three of his claims under the FLSA. In their response brief, Plaintiff conceded that it had no claim for relief under 29 U.S.C. § 254 (Portal-to-Portal Act), regarding Plaintiff's claim for compensation for unpaid time spent loading and stocking his welding rig. Therefore, Plaintiff's only remaining claims is that he was not paid for travel time and that he was not paid overtime on the "regular rate."

Defendant claims the contract Plaintiff entered into (Defendant's exhibit B) did not contemplate compensating Plaintiff as an employee for his travel time. Defendant claims the lease agreement requires Plaintiff to have the welding rig at the jobsite each day and Defendant enjoys no benefit if the welding rig leaves the jobsite each day or not. Plaintiff contends his approximately twenty minutes of travel from his residence to Defendant's jobsite each day is an "indispensable and integral" part of the Defendant's activities and, therefore, is compensable under 29 U.S.C. § 254(a)(2). Further, Plaintiff contends it is irrelevant that the Defendant may have contracted with Plaintiff, under the lease agreement, to have the welding rig at the jobsite each day since an employee cannot waive his rights under the FLSA.

■ The Portal-to-Portal Act excludes compensation for time spent "traveling to and from the actual place of performance of the principal activity...." 29 U.S.C. § 254(a)(1). The Tenth Circuit has held that the Portal-to-Portal Act does not exclude compensation for travel time which is "integral and indispensable" to the employers principal activities. *D. A. & S Oil Well Servicing v. Mitchell,* 262 F.2d 552 (10th Cir.1958). However, an employer is permitted to separate excess payments for equipment rental from an employee's regular wage rate. *See* 29 U.S.C. § 207(e)(2); 29 C.F.R. § 778.224(b)(1) (1992).

In its motion for summary judgment, Defendant is not questioning Plaintiff's claim that the welding rig is "integral and indis-

---

**2.** Plaintiffs, after conceding the motion for summary judgment should also be directed towards Miller, did not state the wage or rental fee Miller was paid by Defendant. Therefore, Defendant's claim that Plaintiff Miller was paid the same amount in wages as welders without welding rigs, is undisputed.

**3.** Although, since the record in this action is now six volumes thick the Court does not claim it is not in the record, only that it is not attached to Defendant's pleadings as they claim.

pensable" to Defendant's principal activities. *See Crenshaw v. Quarles Drilling,* 798 F.2d 1345 (10th Cir.1986); *D. A. & S,* 262 F.2d at 552. Defendant is only claiming that they have already compensated Plaintiff for making the welding rig available at the jobsite under the rental portion of Plaintiff's wages. Therefore, the issue of whether the travel time is "integral and indispensable" is irrelevant if Plaintiff has already been compensated and this compensation scheme does not violate the FLSA.

■ Under 29 C.F.R. § 778.224(b)(1) (1992) an employer is not in violation of the FLSA by allocating an employee's wages into a wage and an equipment rental rate. The issue presently before the Court is whether an employer may require, as rental, the transportation of the equipment to the employer's place of business under section 778.224(b)(1). If an employer could allocate too many services as rental payments, an employer could circumvent the FLSA. However, if an employer could not allocate any services under the rental portion of an employer-employee contract, then it would follow that employees should be compensated for services such as mechanical and other maintenance of their equipment. The Court refuses to read 29 C.F.R. § 778.224(b)(1) (1992) so narrowly. The Court holds that an employer does not violate the FLSA by contracting to compensate an employee for the use of his equipment, and the services required to have the equipment functioning at the jobsite, as a rental fee rather than as employee wages. Therefore, the issue remaining under Count I of Plaintiff's complaint is whether there are genuine issues of material fact that the parties did not intend to compensate the transporting of the welding rig to the jobsite in the rental portion of Plaintiff's wages.

Plaintiff has not disputed Defendant's claim that the contract, exhibit B, required Plaintiff to have the welding rig at the jobsite each day. Plaintiff claims he does not remember entering into the exhibit B agree-

ment. However, he does not dispute that the signature on exhibit B is in fact his. He has also failed to dispute Defendant's claim that the contract, as understood between the parties, excluded pay for travel time as an employee.[4] Therefore, the Court grants Defendant's motion as to Count I of Plaintiff's complaint.

■ As to Count II (regular rate claim), the Court finds there are material issues of fact whether the wage rate of $8.00 an hour is the "regular rate." Defendant contends this Court has no subject-matter jurisdiction to disregard the intentions of the contracting parties. The Court disagrees. Since part of the intent of the FLSA is to increase employment for the public at large, the Supreme Court has held that employees may not contract away their rights under the FLSA. *Aaron,* 334 U.S. at 461, 68 S.Ct. at 1195 (quoting *Youngerman–Reynolds,* 325 U.S. at 424–25, 65 S.Ct. at 1245–46). Plaintiff contends that a fair rental rate for his welding rig is $7.00 an hour. He argues the Defendant artificially allocated $22.00 an hour as rental for his welding rig in an attempt to circumvent the Act's requirement to pay overtime compensation on the regular rate. While the Court has no evidence before it on what the fair rental value of Plaintiff's welding rig is, there are genuine issues of material fact Defendant artificially set Plaintiff's wages at $8.00 an hour. Defendant paid more than double the rental rate paid by Defendant Four–Four, Inc., and fifty percent more than the rental rate paid by Defendant Foutz & Bursum Construction Company. While there may be reasons for this discrepancy, the Court finds this alone raises genuine issues of material fact that the $8.00 wage rate was artificial and, therefore, not the regular rate. Therefore, the Court denies Defendant's motion for summary judgment under Count II of Plaintiff's complaint.

Wherefore,

---

4. The contract states "[f]or every day on which this employee works five (5) clock hours or more, *and* works seventy-five or more miles from his city of residence, he will receive subsistence pay of $_____."

In the blank a zero has been entered and underneath the zero the words "no sub" appear.

IT IS FURTHER ORDERED that Defendant Four–Four, Inc.'s motion for partial summary judgment be, and hereby is, granted as to Plaintiffs William Clarence, Gary Coon, Denny Hensley, and Gerald Miller.

IT IS FURTHER ORDERED that Defendant Four–Four, Inc.'s motion for partial summary judgment as to Plaintiff Leonard Mahan be, and hereby is, denied.

IT IS FURTHER ORDERED that Defendant Mt. West Fabrication, Plants & Stations, Inc.'s motion for summary judgment, as to Count I of Plaintiff's complaint, be and hereby is, granted.

IT IS FURTHER ORDERED that Defendant Mt. West Fabrication, Plants & Stations, Inc.'s motion for summary judgment, as to Count II of Plaintiff's complaint, be and hereby is, denied.