**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

REX BAKER; JOSEPH N.
BORDELON; CHARLIE E.
BRADSHAW, JR.; LARRY
CUNNINGHAM; DENNY HENSLEY;
STEVEN D. HENSLEY; LEONARD
L. MAHAN; MACK D. MANTLE;
RAY E. FOWLER,

     Plaintiffs,

and

ALAN BOYD; WILLIAM R.
CLARENCE; GARY COON;
ROBERT CORNETT, JR.; TRACY R.
MCMANUS; EDDIE MILLER;
GERALD MILLER; DAVID L.
ROBINSON; JAMES D. SPEARS,
JR.; DENNIS STILES; GARY
MILLER, SR.,

    Plaintiffs - Appellants,

v.

No. 96-2223

BARNARD CONSTRUCTION CO., INC.; DAVY MCKEE CORPORATION; FLINT ENGINEERING & CONSTRUCTION COMPANY; MOUNTAIN WEST FABRICATION PLANTS & STATIONS, INC.; PIONEER CONTRACTING COMPANY, INC.,

     Defendants,

and

FOUR-WAY COMPANY, INC.; FOUTZ & BURSUM CONSTRUCTION COMPANY, INC.,

     Defendants - Appellees.

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO (D.C. No. CIV-93-140-BB)**

_____

David N. Mark, Seattle, Washington (K. Lee Peifer, Albuquerque, New Mexico, with him on the briefs), for Plaintiffs-Appellants.

Thomas J. Hynes of Hynes, Hale & Gurley, Farmington, New Mexico, for Defendants-Appellees.

_____

Before **BRISCOE**, **McKAY**, and **LUCERO**, Circuit Judges.

_____

**McKAY**, Circuit Judge.

_____

At issue in this case is whether return travel time associated with refueling and maintaining construction equipment qualifies as work under the Fair Labor Standards Act [FLSA], 29 U.S.C. §§ 201-219, and is therefore compensable under the FLSA. Plaintiffs, employees of Defendants Four-Way Company and Foutz & Bursum Construction Company, were hired to perform welding work on oil and gas pipelines. They brought this action against their employers, alleging violations of the FLSA's overtime provisions.

As part of the terms of Plaintiffs' employment, Defendants required Plaintiffs to provide their own fueled and stocked welding rigs each work day. Plaintiffs were compensated by a "split-check system" which divided their hourly rate into labor compensation and rental compensation for the welding rigs. Defendants then equated Plaintiffs' labor compensation rate with the "regular rate" used to determine overtime rates under the FLSA. 29 U.S.C. § 207(a). Defendants did not pay Plaintiffs for their return travel time associated with refueling and restocking the welding rigs in the evenings.

At trial, the jury returned a verdict in favor of Defendants on each of Plaintiffs' claims. After the trial court denied Plaintiffs' motion for a new trial

pursuant to Federal Rule of Civil Procedure 59(a), Plaintiffs' appealed. We assume jurisdiction pursuant to 28 U.S.C. § 1291, and, for the reasons set forth below, we reverse and remand.

Plaintiffs assert on appeal that the district court erroneously instructed the jury that Plaintiffs could waive their overtime rights by agreeing with Defendants that the rig rental fee would compensate them for travel time associated with refueling and restocking the welding rigs. See Appellants' App. at 59, Instr. No. 9. Because Plaintiffs objected to Instruction Nine at trial, we review the instruction de novo. See United States v. Pappert, 112 F.3d 1073, 1076 (10th Cir. 1997). Instruction Nine reads, in pertinent part:

> [T]o award damages to Plaintiffs as a result of travel time Plainiffs [sic] claim was necessary to refuel and restock their welding rigs, you must find **both** that:
>
> 1) travel back from the job site was integral and indispensable to the principle [sic] activity or activities for which Plaintiffs were hired, and
>
> 2) the parties made no mutual agreement that the rig rental fee would compensate Plainiffs [sic] for travel time associated with refueling and restocking their welding rigs.

Appellants' App. at 59. We agree with Plaintiffs that if their travel time was integral and indispensable to the principal activities for which they were hired, no mutual agreement could waive the application of the FLSA minimum wage and overtime provisions to that work.

-4-

Under Instruction Nine, Plaintiffs must first prove that their return travel from a job site is compensable under the Portal-to-Portal Act, codified at 29 U.S.C. §§ 251-262. Under the Portal-to-Portal Act, employers need not pay minimum wage or overtime to an employee engaged in "activities which are preliminary to or postliminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities." 29 U.S.C. § 254(a)(2). In Steiner v. Mitchell, 350 U.S. 247, 256 (1956), the Supreme Court interpreted section 254(a)(2) of the Act, holding that if an activity is "an integral and indispensable part of the principal activities for which covered workmen are employed," it constitutes a compensable principal activity rather than a non-compensable preliminary or postliminary task. Whether an activity is preliminary or postliminary to principal activities for purposes of § 254(a)(2) of the Portal-to-Portal Act is a mixed question of law and fact because the precise nature of the employee's duties is a question of fact, while application of the FLSA to those duties is a question of law. See Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 743 (1981); Baker v. GTE North, Inc., 927 F. Supp. 1104, 1111-12 (N.D. Ind. 1996), rev'd on other grounds, 110 F.3d 28 (7th Cir. 1997). The first part of Instruction Nine appropriately asks the jury whether Plaintiffs have proved

that their return travel is compensable under the Supreme Court's "integral and indispensable" standard.

The second part of Instruction Nine requires Plaintiffs to prove that "the parties made no mutual agreement that the rig rental fee would compensate Plainiffs [sic] for travel time associated with refueling and restocking their welding rigs." Appellants' App. at 59. We hold that this instruction incorrectly stated the law because travel time meeting the "integral and indispensable" test must be compensated pursuant to the FLSA regardless of any employer-employee agreement. If Plaintiffs' travel time associated with refueling and restocking the rigs is integral and indispensable, the disputed agreement in this case would violate the FLSA.

If the jury found that Plaintiffs' return travel time is integral and indispensable to the principal activities for which Plaintiffs were hired, Plaintiffs' travel time would be compensable unless another section of the FLSA provided an exception to the Portal-to-Portal payment requirements or approved of an alternative pay arrangement.[1]  See <u>D A & S Oil Well Servicing, Inc. v. Mitchell</u>,

---

[1] Although Plaintiffs must persuade the jury that their return travel was integral and indispensable to the principal activities for which they were hired, they need not also prove the absence of an agreement which provides an alternate method of compensation or excludes certain activities from the regular pay rate. The district court erroneously placed the burden of proving the absence of the disputed agreement on Plaintiffs.

262 F.2d 552, 554-55 (10th Cir. 1958). In other words, regardless of whether employer-employee agreements classified the return travel associated with maintaining the rigs as noncompensable or compensated through rig rental, if payment for that return travel is required by the FLSA, Defendants must apply the minimum wage and overtime provisions of the FLSA to that return travel. See Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981) (The Supreme Court has "frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, [the Court has] held that FLSA rights cannot be abridged by contract

---

Defendants must prove, if they can, that, notwithstanding the compensable nature of Plaintiffs' work activities, Defendants were exempt from paying the minimum wage and overtime required by the Portal-to-Portal Act. See Local 246 Util. Workers Union v. Southern Cal. Edison Co., 83 F.3d 292, 296 (9th Cir. 1996) (citing Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 209 (1966), for the proposition that it is the employer's burden to justify a 29 U.S.C. § 207(e) exclusion of payments from the regular rate of compensation); Minizza v. Stone Container Corp. Corrugated Container Div. E. Plant, 842 F.2d 1456, 1459 (3d Cir. 1988) ("[T]he term 'regular rate' is defined to include 'all remuneration for employment paid to, or on behalf of, [an] employee' . . . and the employer bears the burden of establishing an exemption.") (citations omitted) (quoting 29 U.S.C. § 207(e)). They must prove the existence of the alleged agreement concerning compensation for travel time and its legality under the FLSA. Such burden allocation comports with the decisions of the Supreme Court and the Tenth Circuit concerning employer exemptions under the FLSA. See Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974) ("[T]he general rule [is] that the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof."); Spradling v. City of Tulsa, Okla., 95 F.3d 1492, 1499 (10th Cir. 1996), cert. denied, ___ U.S. __ , 117 S. Ct. 1081 (1997) ("FLSA case law is clear that the employer bears the burden of demonstrating its right to an exemption").

or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate.") (citations omitted); Dunlop v. Gray-Goto, Inc., 528 F.2d 792, 794-95 (10th Cir. 1976) (stating that "private agreement or understanding between the parties cannot circumvent the overtime pay requirements of the Act").

Defendants assert that compensation for Plaintiffs' travel time associated with maintaining the rented rigs is properly allocated to a rental fee rather than employee wages. They contend that even if Plaintiffs' travel time is an integral and indispensable activity under the Portal-to-Portal Act, 29 U.S.C. § 207(e)(2) allows them to exclude such time from the hours of Plaintiffs' work which require minimum wage or overtime payments because section 207(e)(2) excludes equipment rental rates from an employee's regular rate of pay.

Section 207(e)(2) lists one of "seven categories of employer payments [that] are not to be taken into consideration in determining what an employee's 'regular rate' of pay is." Dunlop, 528 F.2d at 794; see 29 U.S.C. § 207(e). Section 207(e)(2) authorizes exclusion from the regular rate of "other similar payments to an employee which are not made as compensation for his hours of employment." In the applicable regulation, "[s]ums paid to an employee for the rental of his truck or car" is an example of the type of payment intended to be excluded from the regular rate as "other similar payments." 29 C.F.R. §

778.224(b) (1997). Thus, a rental payment for a vehicle is not included in the calculation of an employee's regular rate of pay because it is not "compensation for [the employee's] hours of employment." 29 U.S.C. § 207(e)(2).

Because 29 C.F.R. § 778.224(b)(1) excludes payments for rig rental from the calculation of Plaintiffs' regular rate of pay, Defendants assert that Plaintiffs' maintenance and transport of the rented rigs ought to be excluded from minimum wage and overtime compensation if such services are compensated by the rig rental fee. Their argument follows the reasoning of the district court's decision earlier in this case; they argue that we would read section 778.224(b)(1) too narrowly if we prohibited payment by a rental fee for services such as maintenance of rented equipment. See Baker v. Barnard Constr. Co., 863 F. Supp. 1498, 1502 (D.N.M. 1993).

We do read section 778.224(b)(1) narrowly because we have consistently followed the Supreme Court's instruction that such FLSA exemptions are to be construed narrowly. See Sanders v. Elephant Butte Irrigation Dist., 112 F.3d 468, 470 (10th Cir. 1997); 29 C.F.R. § 790.2 (1997) ("It would therefore appear that the Congress did not intend by the Portal Act to change the general rule that the remedial provisions of the Fair Labor Standards Act are to be given liberal interpretation and exemptions therefrom are to be narrowly construed and limited to those who can meet the burden of showing that they come 'plainly and

unmistakably within (the) terms and spirit' of such an exemption.") (footnote omitted) (quoting A. H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945)). To foster the Act's purpose of compensating work, we strictly construe all exceptions to the FLSA.

Under Defendants' interpretation of 29 U.S.C. § 207(e)(2), Plaintiffs could agree to have the time they spent on integral and indispensable activities excluded from minimum wage and overtime calculations because those activities are services to equipment rented by Defendants from Plaintiffs. Such an interpretation of section 207(e)(2) expands the exemption to include compensation for some of an employee's hours of integral and indispensable work. If Plaintiffs' return travel is integral and indispensable, the disputed rig rental agreement is a payment "made as compensation for hours of work." 29 C.F.R. § 778.224(a). Since the section 207(e)(2) exemption applies to payments "not made as compensation for [an employee's] hours of employment," Defendants' interpretation contradicts the express language of section 207(e)(2) and its implementing regulations. 29 U.S.C. § 207(e)(2); see 29 C.F.R. § 778.224(a).

Additionally, we cannot harmonize Defendants' interpretation of section 207(e)(2) with prior Supreme Court opinions addressing integral and indispensable work, such as Mitchell v. King Packing Co., 350 U.S. 260, 262

(1956). In <u>King Packing</u>, the Court held that the policy behind the FLSA would be circumvented if employers could require their employees to provide equipment requiring daily maintenance without treating that maintenance as labor. The Court would not allow an employer to avoid paying for its employees' daily labor by requiring the employees to provide sharpened knives. The employer was required to compensate the employees for the time spent sharpening the knives.

The payments Defendants argue are covered by the rental agreement are dissimilar in character to those listed in section 207(e)(2).[2] We cannot adopt Defendants' interpretation since it would exaggerate the effect of section 207(e)(2) exemptions and would substantially undermine the purposes of the FLSA by creating loopholes susceptible to significant abuse. Considering the number of industries that require employees to provide their own equipment, <u>see</u> <u>Dole v. Snell</u>, 875 F.2d 802, 810 (10th Cir. 1989), Defendants' interpretation of section 207(e)(2) could allow employers to circumvent the FLSA by allocating

---

[2] Defendants argue that the rental rate includes "the time it takes to transport the welding rig from the jobsite to be refueled and restocked" by Plaintiffs each day. Appellees' Answer Br. at 16. Such a rental agreement covers more than bare vehicle rental; it compensates for more than just a maintained piece of transportation. It allegedly compensates for the stocking and transporting of other items and equipment related to the job. These activities go beyond services such as keeping the tires blown up and putting gas in the tank. Therefore, we need not and do not address whether trivial vehicle maintenance activities could be compensated pursuant to a vehicle rental agreement. We need not decide whether such services necessary to have the rented equipment functioning at the jobsite are covered by the section 207(e)(2) exemption.

many services to rental agreements.  It was error for the district court to instruct the jury that Plaintiffs could waive their overtime rights by agreeing with Defendants that the rig rental fee would compensate them for integral and indispensable activities.

Defendants ask us to hold that Plaintiffs' travel time was not an integral and indispensable part of Plaintiffs' principal activities and therefore Instruction Nine was not erroneous.  They argue that the travel was ordinary home-to-work travel which clearly is not compensable under the Portal-to-Portal Act without a contract or custom of compensation.  See 29 U.S.C. § 254(a)(1) (specifically designating walking, riding, and traveling to and from work as activities for which the FLSA does not require compensation).  Plaintiffs assert their return travel is not "[n]ormal travel from home to work."  29 C.F.R. § 785.35.  They rely on our holding in Crenshaw v. Quarles Drilling Corp., 798 F.2d 1345, 1350 (10th Cir. 1986), that if travel is an indispensable part of performing one's job, it is a principal activity and, therefore, compensable under the FLSA.

As we have noted, it is "difficult to fix a definite standard for determining what activities of an employee, performed before and after his hours of work, are an integral part of and indispensable to his principal activities.  Each case must be decided upon its particular facts."  D A & S, 262 F.2d at 554-55.  We leave the parties' contentions regarding the integral and indispensable nature of the return

-12-

travel to be resolved by the jury on remand. The jury will resolve factual disputes such as whether Plaintiffs were truly free to go where they wanted at the end of the work day and to use whatever method of transportation they chose. The jury will consider whether Plaintiffs could have left the rigs at the work site to be refueled and maintained on site, or whether Plaintiffs were required, by policy or practical reality, to transport the rigs from the work site each day to refuel and restock. In making its determination of whether the travel associated with refueling and restocking the rigs is integral and indispensable, the jury will consider and evaluate the parties' contradictory testimony and evidence.

Defendants also argue that despite the flaw in Instruction Nine, the jury instructions taken as a whole did not mislead the jury. Although Defendants articulate the appropriate standard of review for jury instruction challenges, see Mason v. Oklahoma Turnpike Auth., 115 F.3d 1442, 1454 (10th Cir. 1997), we cannot hold that the jury in this case was not misled. Nothing in the generalized instructions that Defendants cite would persuade the jury that they could disregard Instruction Nine's statement that integral and indispensable travel time could be compensated through a rental agreement instead of according to the FLSA minimum wage and overtime provisions. The jury's verdict did not specifically find that Plaintiffs failed to prove that the return travel time was compensable under the "integral and indispensable" standard of the Portal-to-Portal Act. We

-13-

therefore cannot hold as a matter of law that Plaintiffs' suit failed for this reason alone. Even if Plaintiffs convinced the jury that the return travel was integral and indispensable to their principal activities, the jury, following the given instructions, would have ruled against Plaintiffs if it believed or was simply unsure whether an agreement was made substituting rig rental fee for minimum wage and overtime. The jury was expressly required to find the absence of such an agreement in order to rule in Plaintiffs' favor. Because we have "substantial doubt that the jury was fairly guided," United States v. Mullins, 4 F.3d 898, 900 (10th Cir. 1993), we hold that the error in Instruction Nine warrants reversal and remand.

Without filing a cross-appeal,[3] Defendants assert that the district court erred in denying their motion for judgment as a matter of law.[4] They contend that

_____

[3] Our cases hold that "an appellee 'may defend the judgment won below on any ground supported by the record without filing a cross-appeal.'" Tinkler v. United States ex rel. F.A.A., 982 F.2d 1456, 1461 n.4 (10th Cir. 1992) (citation omitted). Since Defendants are "merely advanc[ing] an argument that would provide another avenue by which [the court] could reach the same favorable judgment" and they are not attacking the district court's decision "with a view toward enlarging [their] own rights or lessening the rights of" Plaintiffs, we can consider Defendants' contentions. Hansen v. Director, OWCP, 984 F.2d 364, 367 (10th Cir. 1993); see City of Wichita, Kan. v. United States Gypsum Co., 72 F.3d 1491 (10th Cir. 1996) (reaching appellees' argument for an alternative ground for sustaining the verdict even though the alternative ground was the denial of a motion for judgment as a matter of law which was not appealed).

[4] Defendants also assert error in the district court's denial of their motion for summary judgment. However, because the denial was based on the existence of a material factual dispute, it is not properly reviewable on an appeal from a

any error in the jury instructions was harmless because the travel time issue should never have reached the jury. Although the record provided to review Defendants' argument is sparse, from such record as was submitted on appeal there was enough evidence to defeat Defendants' contentions regarding their motion for judgment as a matter of law. See O'Dell v. Shalala, 44 F.3d 855, 857 n.2 (10th Cir. 1994) (record was inadequate but excerpts provided were sufficient to decide the case on the merits).

We review de novo the district court's determination of the motion for judgment as a matter of law. See Mason, 115 F.3d at 1450. In conducting this review, "[t]he evidence and inferences therefrom must be construed most favorably to the nonmoving party." Wolfgang, 111 F.3d at 1522; see Mason, 115 F.3d at 1450. Since the evidence presented at trial created a genuine factual dispute of whether Plaintiffs' travel time met the integral and indispensable standard, we cannot hold as a matter of law that the return travel was not integral

---

final judgment entered after trial. See Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1521 (10th Cir. 1997); Schmidt v. Farm Credit Servs., 977 F.2d 511, 513 n.3 (10th Cir. 1992); Whalen v. Unit Rig, Inc., 974 F.2d 1248, 1250-51 (10th Cir. 1992), cert. denied, 507 U.S. 973 (1993). "[E]ven if summary judgment was erroneously denied, the proper redress would not be through appeal of that denial but through subsequent motions for judgment as a matter of law . . . and appellate review of those motions if they were denied." Whalen, 974 F.2d at 1251. Therefore, we do not review Defendants' contentions regarding their summary judgment motion, and we only consider the district court's denial of Defendants' motion for judgment as a matter of law.

and indispensable.  As we previously explained, Plaintiffs' return travel associated with restocking and refueling the rigs must be compensated according to the FLSA minimum wage and overtime provisions if that travel time is integral and indispensable to the principal activities for which they were hired.  Under the deferential standard required when reviewing requests for judgment as a matter of law, Defendants' motion for judgment as a matter of law on the alleged violations of the FLSA was appropriately denied.

Defendants also argue that their motion for judgment as a matter of law should have been granted because Plaintiffs failed to introduce sufficient evidence for the jury to accurately calculate damages.  This court described the burdens of proof for FLSA damages in Donovan v. Simmons Petroleum Corp., stating:

> The employee bears the burden of proving he performed work for which he was not properly compensated. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946).  However, employers have a duty to keep accurate records.  If employers do not keep accurate records the employee's burden is extremely difficult.  In order to prevent the employee from being penalized by the employer's failure to keep adequate records, the Supreme Court held in Anderson that an employee carries his burden by proving that he has "in fact performed work for which he was improperly compensated and . . . [producing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id.  Upon such a showing, the burden shifts to the employer to produce evidence of the precise amount of work performed or to negate the reasonableness of the inference drawn from the employee's evidence.  If the employer does not rebut the employee's evidence, then

> damages may be awarded even though the result is only approximate. The employer cannot complain that the damages lack the precision that would have been possible if the employer had kept the records required by law. Id. at 687-88, 66 S.Ct. at 1192.

Donovan, 725 F.2d 83, 85-86 (10th Cir. 1983); see Metzler v. IBP, Inc., 127 F.3d 959, 965-66 (10th Cir. 1997).

In this case, Plaintiffs produced "sufficient evidence to show the amount and extent of [improperly compensated] work as a matter of just and reasonable inference." Anderson, 328 U.S. at 687. Defendants attempt to diminish the sufficiency of Plaintiffs' evidence by criticizing the admissibility of some of it. See Appellees' Br. at 12-13. However, even if we were to disregard the criticized evidence, the other evidence Plaintiffs produced was sufficient to meet Plaintiffs' burden of proof. The fact that Plaintiffs did not connect their travel time to any specific job site or specific work day does not mean they failed to introduce sufficient evidence under FLSA case law. The record reflects that Plaintiffs' employment requires them to travel to pipelines that are various distances from Defendants' fixed facilities. Defendants concede that Plaintiffs' travel time ranges from three-fourths of an hour to two hours a day, see Appellees' Br. at 11, and testimony at trial supports Defendants' concession. Our review of the record reveals that Plaintiffs produced sufficient evidence under the circumstances to shift the burden to Defendants "to produce evidence of the precise amount of work performed or to negate the reasonableness of the inference drawn" from

-17-

Plaintiffs' evidence.  <u>Donovan</u>, 725 F.2d at 85.  We therefore conclude that Defendants cannot prevail on a judgment as a matter of law due to insufficient damages evidence.

We cannot say that as a matter of law the compensation arrangement did not violate the FLSA.  Because we hold that the district court appropriately denied Defendants' motion for judgment as a matter of law, and because the error in Instruction Nine was not cured by the jury instructions as a whole, we reverse the jury's verdict and remand for a new trial.

**REVERSED and REMANDED**.

No. 96-2223, <u>Boyd v. Four-Way Company</u>

BRISCOE, Circuit Judge, concurring:

I concur in the reversal and remand of this case because of the erroneous giving of Instruction 9. Defendants' failure to provide an adequate record precludes me from addressing their contentions that the district court erred in denying their motion for judgment as a matter of law.