**Elizabeth DOLE,\* Plaintiff–Appellee,**

v.

**WEST EXTENSION IRRIGATION DISTRICT, Defendant–Appellant.**

**No. 89–35124.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 1990.

Decided July 17, 1990.

E. Brock. Fed.R.App.P. 43(c).

Steven J. Nemirow, Spears, Lubersky, Campbell, Portland, Or., for defendant-appellant.

Ellen R. Edmond, U.S.Dept. of Labor, Washington, D.C., for plaintiff-appellee.

Before WRIGHT, TANG and CANBY, Circuit Judges.

PER CURIAM:

West End Irrigation District appeals from a summary judgment in favor of the Secretary of Labor. At issue is the application of an exemption from the overtime provisions of the Fair Labor Standards Act for "any employee employed ... in connection with the operation or maintenance of ditches, canals, reservoirs, or waterways ... used exclusively for supply and storing of water for agricultural purposes." 29 U.S.C. § 213(b)(12). The District contends that its ditch workers are within the exemption even though a small percentage of the water supplied by the ditches is used for non-agricultural purposes. We reject the contention and affirm the judgment of the district court.

### FACTS

Since 1937, the District has provided non-potable water to 10,000 acres of land in Oregon. Initially, all of the land within the District's boundaries was agricultural. Now, approximately three percent of the land, or about 300 acres, is commercial or residential. Under the law of Oregon, the District must continue to supply water to land within its boundaries even if the owners put the land to new uses. *See e.g.,* Or.Rev.Stat. § 540.510. The District now supplies water to a sand and gravel pit, a trucking company, a truck stop, a housing development, and a trailer park.

The District employed four ditchriders on salaries, without paying them overtime for work over forty hours per week. The ditchriders divert water from the ditches to the users and maintain the ditches by removing weeds and mud. The ditches serve all of the District's water users.

The Secretary of Labor, on behalf of the employees, brought this action against the District for unpaid overtime wages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et. seq.*, and for an injunction against further violations of FLSA. The district court granted the government's motion for summary judgment, and this appeal followed.

## ANALYSIS

### 1. *Agricultural Irrigation Exemption*

■ The District has not changed its basic operations in over fifty years. The District's purpose is, and always has been, to provide water for irrigating farmland. The District contends that its ditches are still exclusively agricultural because the water in them is not treated to make it suitable for drinking or other purposes. The District argues that Congress could not have intended that an irrigation district lose its FLSA exemption because of actions by landowners beyond its control.

We disagree. Regardless of the District's intentions, its ditches now carry some water for commercial and residential purposes. As a result, the workers on those ditches do not qualify for the exemption under its plain terms. Workers are exempt from the overtime provisions of FLSA, 29 U.S.C. § 207(a)(1), if they work on waterways "which are used *exclusively* for supply and storing of water for agricultural purposes." 29 U.S.C. § 213(b)(12) (emphasis added). Congress could have based the exemption on those factors the District urges us to consider, such as lack of control over use, and non-potability of the water, but Congress did not. Congress used the word "exclusively" in the agri-

cultural irrigation exemption, and we give it force.[1]

■ The District argues that Congress intended the exclusivity requirement to be tempered by a "rule of reason," and points to a regulation that "a small amount of water furnished for ... farming operations [but] used for incidental domestic purposes by the farmer on the farm" does not conclusively defeat the exemption. 29 C.F.R. § 780.408. This regulation recognizes that some water delivered to a farm might be used for arguably non-agricultural household purposes. Such uses, however, are clearly "incidental" to the agricultural activity of that farm. In contrast, a truck stop's use of water is not use by a farmer on a farm, nor is it in any way incidental to farming. When an irrigation district regularly supplies water to businesses and homes with no connection to agriculture, its ditches are no longer used exclusively to supply water for agricultural purposes.

■ The District contends that three percent is an insignificant, *de minimis*, proportion of land that uses water for nonagricultural purposes. But, even if the amount is very small, "the doctrine of *de minimis* has no viable place in the interpretation of the FLSA." *Brennan v. Sugar Cane Growers Coop. of Florida*, 486 F.2d 1006, 1013 (5th Cir.1973) (no FLSA exemption for sugar cane boiler room employees when they produced a nonquantifiable amount of steam that was diverted to a non-exempt manufacturer); *see also Mabee v. White Plains Publishing Co.*, 327 U.S. 178, 181–82, 66 S.Ct. 511, 512–13, 90 L.Ed. 607 (1946) (newspaper employees subject to FLSA even though only .5% of newspaper sales were out of state).

■ This insistence on the letter of the law serves the FLSA's purpose of protecting commerce from unfair competition based on substandard labor conditions. *See United States v. Darby*, 312 U.S. 100, 115, 61 S.Ct. 451, 457, 85 L.Ed. 609 (1941). Other water companies that supply water

---

**1.** Some FLSA exemptions, unlike the one at issue, apply when conditions are *primarily* satisfied. *See, e.g.,* 29 U.S.C. § 213(b)(10)(B) (ex-empting "any salesman primarily engaged in selling trailers").

for commercial and residential use are required to pay their employees overtime. Three percent is a small part of the District's land, but Congress recognized that "competition by a small part may affect the whole and that the total effect of the competition of many small producers may be great." *Id.* at 123, 61 S.Ct. at 461. Congress intended FLSA to prohibit any involvement in interstate commerce by employees working in violation of federal labor standards. *See Mabee v. White Plains Publishing Co.*, 327 U.S. at 181, 66 S.Ct. at 512. Congress exempted agricultural workers and a few others with special work environments. However, such exemptions to the FLSA are "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and clearly within their terms and spirit." *Arnold v. Ben Kanowsky*, 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960); *see also Donovan v. Bereuter's Inc.*, 704 F.2d 1034, 1036 (8th Cir.1983). We conclude that the District does not "plainly and clearly" fall within the exemption.

The only case brought to our attention that interprets the agricultural irrigation exemption, *Wright v. Salt River Valley Water Users' Ass'n*, 94 Ariz. 318, 384 P.2d 104 (1963), is not helpful to the District. In *Wright*, the Arizona Supreme Court held that a gatekeeper was exempt from FLSA because he worked at a dam exclusively devoted to agricultural irrigation, even though some of his coworkers worked on dams used in part for generating electricity. The gatekeeper was exempt because *all* of his labors were devoted to a facility supplying water for agricultural purposes only. In contrast, the district court found that the District's employees' work to provide water for agriculture was inseparable from their work to provide water for other purposes. The employees do not work on ditches that exclusively supply water for agriculture, and thus do not qualify for the exemption.

## 2. *Damages*

The government and the District stipulated to damages of $8,659.00, including liquidated damages, but the judgment orders the defendant "to pay $8,659.00 in overtime compensation and an additional amount as liquidated damages...." Both parties agree that the judgment is in error. We modify the judgment to reflect total damages of $8,659.00.

## CONCLUSION

The District's irrigation workers are not exempt from FLSA because they do not work on waterways exclusively used for supplying water for agricultural purposes. We modify the amount of the judgment to $8,659.00, and as so modified, we AFFIRM.