**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

---

OTIS SANDERS,

      Plaintiff-Appellee,

v.

ELEPHANT BUTTE IRRIGATION
DISTRICT OF NEW MEXICO,

      Defendant-Appellant.

Nos. 96-2019
& 96-2067

---

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-94-0109 HB/JHG)

---

Lee E. Peters (Beverly J. Singleman, also of Hubert & Hernandez, Las Cruces, New Mexico, with him on the briefs) for Defendant-Appellant.

James R. Dennis of Malone, Davie & Dennis, El Paso, Texas, for Plaintiff-Appellee.

---

Before LUCERO, LOGAN and MURPHY, Circuit Judges.

---

LOGAN, Circuit Judge.

---

Defendant, the Elephant Butte Irrigation District of New Mexico (the District), appeals a judgment in favor of plaintiff Otis Sanders for damages for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. On appeal the District argues that it was entitled to the irrigation exemption under 29 U.S.C. § 213(b)(12), and, even if it was not, the district court erred in awarding liquidated damages and in its calculation of actual damages.

I

The District is a quasi municipal entity that delivers nonpotable water to its members during the irrigation season.[1] It serves over 90,000 "water-righted" acres. The District's customers are either farmers engaged in agriculture or "flatraters" owning small tracts of residential land. Of approximately 7,500 customers, about 3,500 are flatraters who generally own less than two acres of land. Flatraters receive the same amount of water per acre as other District customers, but many use their water for aesthetic purposes, such as lawn and landscape watering.

The District employs "ditchriders" who patrol and clean the canal system and schedule water delivery. The District developed a pilot program designed to save money by lowering vehicle expenses and placing the ditchriders in more responsible positions.

---

[1] The Bureau of Reclamation originally built the Rio Grande single-purpose irrigation project to serve agricultural water needs. Those facilities are now operated by two irrigation districts, the defendant here and El Paso County Water Improvement District No. 1; but the Bureau maintains control over water releases from the reservoir and dams.

Under the program ditchriders did not receive overtime; instead, the District assigned them to seven twelve-hour shifts per week but paid them a salary recorded as for five eight-hour workdays regardless of how long they actually worked. In return the ditchriders received more flexibility in work schedules (because some days allegedly required less than eight hours of work) and financial incentives including mileage reimbursement or housing and vehicle allowances.

The District hired plaintiff in January 1993 as a temporary employee to work as a rover. During this time he was eligible to receive overtime pay. Plaintiff agreed to participate in the pilot program when he became a permanent employee approximately one month later and started working as a ditchrider. The District did not maintain precise time records for ditchriders working under the pilot program. The District terminated plaintiff's employment in October 1993 for unsatisfactory work. Thereafter, he timely filed a Department of Labor complaint alleging the District violated 29 U.S.C. §§ 206 and 207 because it failed to pay minimum wages and overtime as required by the FLSA.

In defending against the complaint, the District argued that the irrigation exemption in § 213(b)(12) applied to ditchriders participating in the pilot program, but also relied on the salaried administrative employee exception. The district court rejected both defenses and awarded plaintiff $15,120 in unpaid minimum wages, overtime and liquidated damages. The court later awarded attorneys' fees of $22,500 and costs. In its

appeals the District has contested all but the district court's decision rejecting its administrative employee exemption argument.

II

We first consider whether the irrigation exemption applied to plaintiff's work as a ditchrider in the pilot program. We review the district court's factual determinations for clear error, Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 713 (1986), but review de novo the district court's conclusion that an FLSA exemption did not apply. Reich v. Wyoming, 993 F.2d 739, 741 (10th Cir. 1993).

The FLSA requires payment of a minimum wage and overtime compensation for certain employees who work more than forty hours per week. 29 U.S.C. §§ 206, 207. Section 213(b)(12) exempts from payment of overtime "any employee employed in agriculture or in connection with the operation or maintenance of ditches, canals, reservoirs, or waterways, not owned or operated for profit, or operated on a sharecrop basis, and which are used exclusively for supply and storing of water for agricultural purposes." 29 U.S.C. § 213(b)(12). See also 29 C.F.R. § 780.406.

The regulations applicable to § 213(b)(12) declare that the irrigation exemption "depends for its application on its own terms and not on the meaning of 'agriculture' as defined in [29 U.S.C.] § 3(f)." 29 C.F.R. § 780.405. The regulations construe "used exclusively for supply and storing of water for agricultural purposes" narrowly to allow incidental nonagricultural use only by persons engaged in agriculture. 29 C.F.R.

- 4 -

§ 780.408.[2] The employer carries the burden of establishing that its employees qualify for an exemption, and FLSA exemptions are construed narrowly. Aaron v. City of Wichita, 54 F.3d 652, 657 (10th Cir. 1995). If there is ambiguity in the statute, we afford substantial weight to regulations promulgated by the agency charged with its administration. Webb v. Hodel, 878 F.2d 1252, 1255 (10th Cir. 1989).

The district court noted the use of the word "exclusively" in the applicable statute, the regulations' narrow reading of the agricultural exemption, and concluded that flatraters' water usage for "aesthetic purposes" foreclosed the use of the irrigation exemption. I R. 23-31. The court adopted the reasoning of the only federal circuit court to consider the irrigation exemption, Dole v. West Extension Irrigation Dist., 909 F.2d 349 (9th Cir. 1990). There an irrigation district originally supplied water solely to

---

[2] The regulation, as pertinent, provides as follows:

> If a water supplier supplies water for other than "agricultural purposes," the exemption would not apply. For example, the exemption would not apply where a portion of its water is delivered by the supplier to a municipality to be used for general, domestic, and commercial purposes. The fact that a small amount of the water furnished for use in his farming operations is in fact used for incidental domestic purposes by the farmer on the farm does not, however, require the conclusion that the water supplied was not exclusively "for agricultural purposes" within the meaning of the irrigation exemption in section 13(b)(12). Accordingly, if otherwise applicable, the exemption is not defeated merely because the water stored and supplied through the ditches, canals, reservoirs, or waterways of the irrigation system includes a small amount which is used for domestic purposes on the farms to which it is supplied.

29 C.F.R. § 780.408.

agricultural acreage; but land use changes made approximately three percent of the land commercial and residential, and Oregon state law required that the district continue supplying water to these users. The Ninth Circuit applied the plain meaning of "exclusively . . . agricultural purposes" in § 213(b)(12) and concluded that irrigation district did not qualify to use the irrigation exemption. Cf. Wright v. Salt River Valley Water User's Ass'n, 384 P.2d 104 (Ariz. 1963) (employee working in ditches that exclusively supply water for agricultural use was exempt from FLSA coverage).

In the instant case, the District attempts to distinguish Dole. It points out that New Mexico state law does not allow municipal use under its current permit and that nonagricultural water use would require Department of the Interior authorization. We are not persuaded. The statute uses the term "exclusively . . . for agricultural purposes" in stating the overtime pay exemption. 29 U.S.C. § 213(b)(12). Exemptions under the FLSA are "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and clearly within their terms and spirit." Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960). To the extent the statutory exemption might be considered ambiguous the regulations must be given deference, and they also construe the exemption narrowly.

Although the District's operating practices purportedly prohibit nonagricultural water usage, nearly half of the District's users are flatraters who water their lawns and shrubbery as well as their gardens and orchards. We agree with the district court's legal

- 6 -

conclusion that plaintiff's work as ditchrider does not qualify for the irrigation exemption, and that he is entitled to minimum wage and overtime pay.

### III

The District next contends that the district court abused its discretion in awarding liquidated damages. The court may refuse to award liquidated damages if the employer demonstrates both that it acted in good faith and with honest intentions to comply with the FLSA. 29 U.S.C.§ 260; Renfro v. City of Emporia, 948 F.2d 1529, 1541 (10th Cir. 1991). But even if an employer meets this showing the district court may still in its "sound discretion" award liquidated damages up to the amount of its § 216 compensatory award. 29 U.S.C. § 260; Thompson v. Sawyer, 678 F.2d 257, 282 (D.C. Cir. 1982). Whether an employer has exercised good faith and had reasonable grounds to believe its wage structure complied with the FLSA is a mixed question of law and fact. See 29 C.F.R. § 790.22(c).

The district court found that the District did not act in good faith and did not demonstrate that it had reasonable grounds to conclude the ditchriders were exempt from the FLSA. I R. 38. The court failed "to see how Defendant arrived at its decision to exempt ditch riders under the irrigation exemption and yet not exempt the maintenance crew." Id. at 34. The court also relied upon the District's established policy of allowing flatraters to use water for the watering of lawns and shrubs. Concluding that the violation

was willful, the district court awarded liquidated damages in an amount equal to its award for unpaid overtime and minimum wages.

We have read the record in light of the District's arguments that it acted in good faith and had reasonable grounds for its actions. Before the pilot program the District paid ditchriders overtime, although claiming to believe that their work qualified for the irrigation exemption.[3] When it modified the pay treatment for ditchriders it apparently did so based upon its own interpretation of the statute without obtaining a legal opinion from a lawyer or consulting those who administer the FLSA. See I App. 120-23; 168-69. The District did not consult with its sister district in El Paso. The District knew that some flatraters used its water only to grow grass, and it reported that usage to the Bureau of Reclamation as "family gardens." Id. at 168-70, 202; II App. 334. It relied upon a contention that water supplied for the purpose of growing any vegetation is agricultural use within the exemption. It also relied upon an administrative employee exemption, which it apparently realizes is so meritless it has not appealed its rejection by the district court. The District has offered no persuasive explanation for why it did not view Dole or the limiting regulations as persuasive authority that its ditchrider pilot program violated § 207. The district court did not abuse its discretion by awarding liquidated damages.

---

[3] The District now has returned to the five-day, eight-hour work schedule for ditchriders.

The District asserts that the district court erred in calculating damages. The district court awarded plaintiff $4,500 in unpaid minimum wages and $3,060 in unpaid overtime. It stated, "This amount reflects eleven (11) hours compensation per shift minus one-hour of on-call time." I R. 38. The court recited that it took into consideration the holiday and sick time plaintiff received while employed.

Plaintiff prepared and introduced an exhibit Z, which calculated his entitlement based on seven days of twelve-hour shifts or eighty-four hours per week, with some reductions for times he did not work. That exhibit made a claim for $5,330.40 unpaid minimum wages and $3,060 unpaid overtime. II R. 473-75. The district court awarded a lesser amount apparently based upon its figure of eleven hours per shift instead of the twelve hours plaintiff claimed. But, as the District points out, the court did not reduce the overtime figure; it awarded the exact amount in plaintiff's exhibit Z, based on his twelve-hour per day claim. This does appear to be an error in the court's calculations, which also would affect its award of liquidated damages.

Plaintiff's response is that the employer did not keep accurate time records and hence is entitled to no special consideration. We agree that the court was entitled to rely upon figures presented by plaintiff, supported by his evidence. But the court's own finding that only eleven hours per shift should be compensated surely would affect the calculation of unpaid overtime. We cannot ascertain sufficiently for any effective review

how the court calculated the unpaid overtime, and hence we must remand for findings that support its calculations or for their correction. We also are unable to determine how the court arrived at its figure of $4,500 unpaid minimum wages, and therefore direct that the court make more explicit findings in support of its calculation of unpaid minimum wages.

V

Finally, the District has appealed the district court's award of attorney's fees and costs, which it asks us to overturn if we reverse the judgment of the district court on either the District's right to the irrigation exemption or the award of liquidated damages. We have upheld those awards on their merits, and have remanded only for additional findings and recalculation of the unpaid minimum wages and overtime. Under the circumstances we agree with plaintiff that Ramos v. Lamm, 713 F.2d 546, 555-56 (10th Cir. 1983), and Hensley v. Eckerhart, 461 U.S. 424, 434-37 (1983), allow the award of the attorneys' fees and costs made by the district court in the instant case.

Because plaintiff has prevailed on appeal on both of the basic issues we hold that plaintiff is entitled to a substantial portion of his attorneys' fees incurred for defending the appeal. We remand to the district court for a determination of a reasonable fee for the plaintiff in defending the appeal, absent an agreement by the parties on the appropriate amount. We do hold, however, that the math problem in calculating the unpaid overtime, and the lack of reviewable findings on the unpaid minimum wages, should have been

brought to the attention of the district court by both parties in order to obviate the need for the remand we have ordered. Thus, plaintiff's attorney's time expended on that issue is not to be included in any fee award. We also direct that the parties are to bear their own costs, normally taxed against the losing party under 28 U.S.C. § 1920, on the appeal.

AFFIRMED IN PART and REMANDED IN PART for further proceedings in accordance with this opinion.